# Exhibit E

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

UNITED STATES OF AMERICA,                       Index No.: 94 CR 213 (RWS)

v.                                              **VERIFIED PETITION TO PERPETUATE TESTIMONY**

STEVEN J. HOFFENBERG,

            Defendant.

------------------------------------------------------------X

Defendant, STEVEN J. HOFFENBERG ("Petitioner" or "Mr. Hoffenberg"), acting as Petitioner in this proceeding and appearing *pro se*, pursuant to Rule 27(a) of the Federal Rules of Civil Procedure, petitions the Court for an order authorizing the Petitioner to take the deposition of Jeffrey E. Epstein ("Deponent" or "Mr. Epstein") for the purpose of perpetuating his testimony. In support of this petition, Petitioner alleges the following:

1. Petitioner is a resident of New York County, State of New York and anticipates bringing an action cognizable in the Federal District Court for the Southern District of New York, but is currently unable to bring such action or cause such action to be brought.

2. The subject matter of the expected action is the Crime Victims' Rights Act, 18 U.S.C. § 3771 and involves a 1997 sentencing opinion by this Court (the "Sentencing Opinion"), a copy of which is attached hereto as Exhibit "A", pursuant to which Petitioner must make restitution in the amount of $475,157,340 (the "Restitution").

3. Petitioner believes that in order to ensure that all of those harmed by Petitioner's actions receive the full restitution to which they are entitled, Petitioner needs to be able to seek payment from the Deponent.

4. Petitioner expects that the Deponent, who resides at 9 East 71st Street, New York, NY 10021, will be an adverse party to this action.

5. Petitioner is presently unable to bring this action or cause it to be brought because Petitioner requires confirmation from the Deponent of the specific actions he took as described below in this Petition.

6. Petitioner desires to perpetuate the testimony of the Deponent.

## BACKGROUND

7. A complaint filed on June 27, 1991, in the United States District Court for the Northern District of Illinois, Eastern Division ("Illinois Complaint") on behalf of James W. Schacht, Acting Director of Insurance of the State of Illinois, in his capacity as Conservator of United Diversified Corporation, as Liquidator of Associated Life Insurance Company, and as Liquidator of United Fire Insurance Company (the "Insurance Companies") is attached hereto as Exhibit "B". The Insurance Companies had been acquired in 1987 by the Petitioner's company, Towers Financial Corporation ("Towers Financial").

8. On April 20, 1995, following a criminal lawsuit brought against the Petitioner by the United States of America, Petitioner pled guilty to five counts including (i) conspiracy to violate the securities laws by fraudulently selling securities; (ii) mail fraud; (iii) conspiracy to obstruct justice; (iv) tax evasion; and (v) mail and wire fraud.

9. After pleading guilty, Petitioner was sentenced to a term of imprisonment, as well as ordered to make restitution in the amount of $475,157,340.

10. The Sentencing Opinion, along with the Illinois Complaint, makes reference to the actions of "Mr. Hoffenberg and his co-conspirators." Sentencing Opinion, pp. 2-5.

11. Among the "co-conspirators" pursuant to the Illinois Complaint was Mr. Epstein, whom Petitioner provided with money and who helped to perpetuate the crimes. Illinois Complaint, pp. 11-13; Sentencing Opinion, pp. 2-5.

12. Using money provided by Petitioner and Towers Financial, Mr. Epstein engaged in a series of fraudulent activities, individually and through his companies and hedge funds, designed to bilk investors out of millions of dollars, including the investors who have a claim to the Restitution.

13. At a hearing before the Honorable Robert W. Sweet on December 5, 2013, a transcript of which is attached hereto as Exhibit "C" ("Hearing Transcript"), this Court provided latitude with respect to Petitioner contacting Mr. Epstein. This Court provided that "if Mr. Hoffenberg wants to talk to … Jeremy [sic] Epstein … or anybody else about getting some money back, that's fine. Obviously, he can do that." Hearing Transcript, p. 30.

14. Further, the United States Attorney for the Southern District of New York has authorized and consented to Petitioner making this Petition to this Court and taking the limited deposition of Mr. Epstein, a copy of which is attached hereto as Exhibit "D".

## THE TESTIMONY

15. Petitioner expects to obtain testimony that includes, but is not limited to, establishing Mr. Epstein's involvement with the insurance companies detailed in the Illinois Complaint; confirming Mr. Epstein's receipt of money and securities from the Insurance Companies; and detailing Mr. Epstein's actions with respect to the securities and proceeds he received.

16. Petitioner needs to perpetuate this testimony because Petitioner believes that Mr. Epstein, who has been the subject of some salacious lawsuits, including one scheduled to go to trial in Florida in August, and reports recently, is a "flight risk" and might attempt to flee the country instead of allowing himself to be subject to another lawsuit. Mr. Epstein is known to have access to a private jet, substantial monies, as well as residences outside the United States, and could potentially leave at a moments notice.

17. Petitioner plans to establish by the proposed testimony that Mr. Epstein played a crucial role in all acts of misconduct with Petitioner with respect to defrauding and looting millions of dollars from the Insurance Companies and investors; that money from the Insurance Companies was used by Mr. Epstein to finance his own fraudulent operations; that Mr. Epstein has illegally concealed this conduct from all loan applications and bank submissions; that Mr. Epstein has covered up his involvement in order to defraud financing sources into funding his business activities; and, ultimately, that Mr. Epstein should be required to pay Petitioner as Constructive Trustee, or, in the alternative, allow Petitioner to take control of Mr. Epstein's businesses, so that Petitioner may, in turn, pay the restitution required to the investors.

18. While the Sentencing Opinion was handed down in 1997, there is well settled case law, including United States v. Summerlin, 310 U.S. 414 (1940), which provides that the United States is not bound by state statutes of limitations in enforcing its rights to restitution. Therefore, although eighteen years have passed, Petitioner, acting on behalf of the United States and the victims in taking action against Mr. Epstein, should still be allowed to attempt to recover the Restitution.

19. Because the United States is not prevented from recovering the Restitution, Petitioner can act on behalf of the United States and the victims. Petitioner is in the best possible position to recover monies to repay the victims and should be permitted to act as a Constructive Trustee on their behalf in seeking the Restitution from Mr. Epstein.

WHEREFORE, Petitioner requests that an order be made and entered allowing Petitioner to take the deposition by oral examination of the Deponent for the purpose of perpetuating the proposed Deponent's testimony.

Dated: June //, 2015
New York, NY

Respectfully Submitted,

Steven J. Hoffenberg
488 Madison Avenue, Suite 1100
New York, NY 10022
*Appearing Pro Se*

5

## VERIFICATION

State of New York    )
                     ) ss:
County of New York   )

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in this Verified Petition is, to the best of my knowledge, true and correct.

Steven J. Hoffenberg

Sworn before me this
11 day of June, 2015

Notary Public

**RHEY G. ESTES**
**NOTARY PUBLIC-STATE OF NEW YORK**
**No. 02ES6279060**
**Qualified in Queens County**
**My Commission Expires April 08, 2017**