# Exhibit N

# ARTICLES OF INCORPORATION

## OF

## FINANCIAL TRUST COMPANY, INC.

We, the undersigned, for the purposes of associating to establish a corporation for the transaction of the business and the promotion and conduct of the objects and purposes hereinafter stated, under the provisions and subject to the requirements of the laws of the Virgin Islands of the United States (hereinafter called the Virgin Islands), and particularly the General Corporation Law of the Virgin Islands (Chapter 1, Title 13, Virgin Islands Code), as the same may be amended from time to time, do make and file these Articles of Incorporation in writing and do certify:

### ARTICLE I

The name of the corporation (hereinafter referred to as the "corporation") is FINANCIAL TRUST COMPANY, INC.

### ARTICLE II

The principal office of the corporation in the Virgin Islands is located at 41-42 Kongens Gade, St. Thomas, VI 00802, and the name of the resident agent of the corporation at that address is Paul Hoffman.

### ARTICLE III

Without limiting in any manner the scope and generality of the allowable functions of the corporation, it is hereby provided that the corporation shall have the following purposes, objects and powers:

1. To provide financial counseling and investment advice to clients both within and without the United States Virgin Islands, including serving as trustee and/or fiduciary for such clients and others.

2. To engage in any commercial, industrial, agricultural, marketing, transportation, or service activity, business, or enterprise calculated or designed to be profitable to the corporation.

3. To design, develop, manufacture, construct, assemble, install, repair, maintain, prepare and compound and to buy, sell, import, export, and otherwise deal in commercial, industrial, agricultural, or other instruments, appliances, tools, machinery, equipment, parts, supplies, accessories, devices, preparations, compounds, and articles, and goods, wares, and merchandise of every kind; to maintain and operate laboratories and testing facilities of every kind and to carry on the business of analysts, testers, examiners, advisors, and technical consultants with respect to materials, equipment, and processes of every kind and to carry on research and experiments with respect thereto.

4. To acquire, hold, maintain, and operate such plants, workshops, offices, stores, buildings, equipment, vehicles, and vessels as may be desirable for the proper conduct of the business herein referred to, and to do and perform every other act that may be legally performed by a corporation engaged in such business.

5. To apply for, acquire, register, use, hold, sell, assign, or otherwise dispose of (either absolutely or by way of lease, mortgages, pledge, or license), to grant licenses with respect to and otherwise turn to account any letters patent of the United States or of any foreign country, or pending applications therefor, and any inventions, improvements, devices, trade secrets, formulae, processes, trademarks, trade names, brands, labels, copyrights, and privileges and any right, title, or interest therein.

6. To purchase, or otherwise acquire, take by devise, hold, own, mortgage, pledge, sell, enjoy or otherwise turn to account, assign, and transfer and to invest, trade, and deal in goods, wares, and merchandise, and real and personal property of every kind.

7. To acquire all or any part of the good will, rights, property, and business of any person, firm, association, or corporation and to pay for the same in cash or in stock or bonds of this corporation or otherwise and to hold or in any manner dispose of the whole or any part of the property so purchased, and to assume in connection therewith any liabilities of any such person, firm, association, or corporation, and to conduct in any lawful manner in any place the whole or any part of the business thus acquired.

8. To purchase, hold, sell, assign, transfer, mortgage, pledge, or otherwise dispose of the shares of the capital stock of, or any bonds, securities, or evidences of indebtedness created by any other corporation or corporations of the Virgin Islands or any other jurisdiction and, while the owner of such stocks, bonds, securities, or evidences of indebtedness, to exercise all the rights, powers and privileges of ownership, including the right to vote any stock thus owned.

9. To borrow or raise money to any amount permitted by law by the sale or issue of bonds, notes, debentures, or other obligations of any kind and to secure the same by mortgages or other liens upon any and all of the property of every kind of the corporation.

10. To enter into and carry out any contracts including entering into joint ventures or partnerships, limited or general, as limited or general partner, or both, for or in relation to the foregoing business with any person, firm, association, corporation, or government or governmental agency.

11. To conduct its business in the Virgin Islands and elsewhere in the United States and foreign countries and to have offices within or outside the Virgin Islands and to hold, purchase, mortgage, and convey real and personal property within or outside the Virgin Islands.

12. To do all and everything necessary, suitable and proper for the accomplishment of any of the purposes or the attainment of any of the objects or the exercise of any of the powers herein set forth, either alone or in connection with other firms, individuals, associations, or corporations in the Virgin Islands and elsewhere in the United States and foreign countries, and to do any other acts or things incidental or appurtenant to or growing out of or connected with the said business, purposes, objects, and powers or any part thereof not inconsistent with the laws of the Virgin Islands, and to exercise any and all powers now or hereafter conferred enumerated herein or not.

The purposes, objects, and powers specified in this Article shall not be limited or restricted by reference to the terms of any other subdivision or of any other Article of these Articles of Incorporation.

## ARTICLE IV

The total number of shares of stock which the corporation is authorized to issue is 1000 shares of common stock of no par value; no preferred stock is authorized.

The minimum amount of capital with which the corporation will commence business is $1,000.00.

## ARTICLE V

The name and place of residence of each of the persons forming the corporation are as follows: -

Barbara Mignon Weatherly             2-21 Bonne Esperance
                                     St. Thomas, Virgin Islands

Jennie-lynn Falk                     38 Ridge Road
                                     St. Thomas, Virgin Islands

Dale R. Michael                      Skyline Village #3A
                                     4C Estate Joseph & Rosendahl
                                     St. Thomas, Virgin Islands

Articles of Incorporation
Page 4

### ARTICLE VI

The corporation is to have perpetual existence.

### ARTICLE VII

The corporation is to be unlimited in the amount of indebtedness to which it shall at any time be subject.

### ARTICLE VIII

For the management of the business and for the conduct of the affairs of the corporation, and in further creation, definition, limitation, and regulation of the powers of the corporation and of its directors and stockholders, it is further provided:

1. The number of directors of the corporation shall be fixed by, or in the manner provided in the By-Laws, but in no case shall the number be less than three. The directors need not be stockholders.

2. In furtherance and not in limitation of the powers conferred by the laws of the Virgin Islands, and subject at all times to the provisions thereof, the Board of Directors is expressly authorized and empowered:

    a) Subject to the right of a majority of the stockholders to amend, repeal, alter or modify the By-Laws at any regular meeting, or at any special meeting called for such purposes, to make, alter and repeal By-Laws, not inconsistent with any existing law, fixing or altering the management of the property of the corporation, the governing of its affairs, and the manner of certification and transfer of its stock.

    b) To authorize and issue obligations of the corporation, secured and unsecured, to include therein such provisions as to redeemability, convertibility or otherwise, as the Board of Directors in its sole discretion may determine and to authorize the mortgaging or pledging of, and to authorize and cause to be executed mortgages and liens upon any property of the corporation, real or personal, including after acquired property.

    c) To determine whether any, and, if any, what part of the net profits of the corporation or of its net assets in excess of its capital shall be declared in dividends and paid to the stockholders, and to direct and determine the use and disposition thereof.

d)     To contract in the name of the corporation with individual members of the Board of Directors in their individual capacity or as representatives of any firm, association or corporation.

e)     To sell or otherwise dispose of the real or personal property of the corporation.

f)     To set apart a reserve or reserves, and to abolish such reserve or reserves, or to make such other provisions, if any, as the Board of Directors may deem necessary or advisable for working capital, for additions, improvements and betterments to plant and equipment, for expansion of the business of the corporation (including the acquisition of real and personal property for this purpose) and for any other purpose of the corporation.

g)     To establish bonus, profit-sharing, pension, thrift and other types of incentive, compensation or retirement plans for the officers and employees (including officers and employees who are also directors) of the corporation and to fix the amounts of profits to be distributed or shared or contributed and the amounts of the corporation's funds otherwise to be devoted thereto and to determine the persons to participate in any such plans and the amounts of their respective participation.

h)     To issue, or grant options for the purpose of shares of stock of the corporation to officers and employees (including officers and employees who are also directors) of the corporation and on such terms and conditions as the Board of Directors may from time to time determine.

i)     To enter into contracts for the management of the business of the corporation for terms not exceeding five (5) years.

j)     To exercise all the powers of the corporation, except such as are conferred by law, or by these Articles of Incorporation or by the By-Laws of the corporation, upon the stockholders.

## ARTICLE IX

Any person made a party to or otherwise involved in any action, suit or proceeding, by reason of the fact that he is or was a director, resident agent or officer of the corporation or of any corporation in which he served as such at the request of the corporation, shall be indemnified by the corporation against any and all amounts, costs and expenses, including but not limited to, attorney's fees, amounts paid upon judgments or awards or in settlements (before or after suit is commenced),

actually and necessarily incurred by or imposed upon him in connection with such action, suit or proceeding, or in connection with any appeal therein, except in relation to matters as to which it shall be adjudged in such action, suit or proceeding, or in connection with any appeal therein, that such officer or director is liable for wilful misconduct in the performance of his duties. The provisions of this Article shall not be deemed exclusive of any other rights respecting indemnification to which one seeking indemnification may be entitled and shall not be read to limit or restrict any applicable provisions of law, nor to further limit the corporation as respects indemnification. The rights respecting indemnification referred to herein shall inure to the benefit of the heirs, executors and administrators of any person entitled to indemnification.

### ARTICLE X

The corporation reserves the right to amend, alter, change, or repeal any provisions contained in The Articles of Incorporation in the manner now or hereafter prescribed by statute and all rights conferred upon stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF we have made, signed and acknowledged these Articles of Incorporation this 6th day of November, 1998.

_____
Barbara Mignon Weatherly

_____
Jennie-lynn Falk

_____
Dale R. Michael

TERRITORY OF THE VIRGIN ISLANDS )
                                )ss:
DIVISION OF ST. THOMAS & ST. JOHN )

The foregoing instrument was acknowledged before me this 6th day of November, 1998, by Barbara Mignon Weatherly, Jennie-lynn Falk, and Dale R. Michael.

_____
Notary Public

Paul Hoffman
Commission Expires June 27, 2000
Notary Public Commission No. LNP-13-96

# Consent of Agent for Service of Process

———o———

This writing witnesseth that the undersigned  Paul Hoffman
(Type or print agent's name)

having been designated by the

FINANCIAL TRUST COMPANY, INC.
Name of Corporation

as agent of the said company upon whom service of process may be made in all suits arising against the said company in the Courts of the Virgin Islands, do hereby consent to act as such agent, and that service of process may be made upon me in accordance with Title 13 of the Virgin Islands Code.

IN WITNESS WHEREOF, I have hereunto set my signature this  6th  day of November, 19 98.

_(Signature of Agent)_

Subscribed and sworn to before me this  6th  day of  November, 19 98.
at  St. Thomas, VI.

_(Notary Public)_

Barbara Mignon Weatherly
Commission Expires November 21, 2000
Notary Public Commission No. LNP-13-97